UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

ALEXANDER RIVERA,

Plaintiff,

v.                                              CIVIL NO. 18-2028 (GAG)

MEGAN J BRENNAN, U.S.
POSTMASTER GENERAL,

Defendant.

## OPINION & ORDER

Pending before the Court is the United States Postal Service's ("USPS" or "Defendant") motion to dismiss Alexander Rivera's ("Rivera" or "Plaintiff") complaint for failure to state a claim upon which relief can be granted. (Docket No. 43). Plaintiff opposed. (Docket No. 47). Rivera, a USPS employee, alleges that his procedural due process rights were infringed when USPS dismissed with prejudice his administrative complaint as untimely given that USPS's Equal Employment Opportunity ("EEO") dispute resolution specialist allegedly failed to properly deliver him the necessary documents to file the administrative complaint. (Docket No. 1 at 6, ¶ 28). For the ensuing reasons, the Court **GRANTS** Defendant's motion to dismiss at Docket No. 43 under FED. R. CIV. P. 12(b)(1) and 12(b)(6).

I.   **Relevant Factual and Procedural Background**

On January 18, 2018, Rivera received a Letter of Warning, in lieu of a fourteen-day suspension, from his USPS supervisor because he failed to satisfactorily perform his duties by not delivering mail and failing to report a delay in mail to a post office operations manager as previously instructed. (Docket Nos. 1 at 3, ¶ 11; 43-1 at 2; 47 at 4). On February 14, 2018, Rivera filed a

**Civil No. 18-2028 (GAG)**

pre-complaint[1] with the EEO Postal System and Procedure (the "Agency") in compliance with USPS's regulations. (Docket Nos. 1 at 3, ¶ 11; 43-1 at 2-4). The pre-complaint alleges both that the USPS disparately treated Rivera comparing him with another employee regarding the delays in mail, and that the USPS retaliated against him because of his Debt Collection Act case from April 18, 2016, which he alleges is protected EEO activity.[2] (Docket No. 43-1 at 2).

In the pre-complaint, Rivera listed Alfredo Acevedo ("Counsel Acevedo") as his attorney. (Docket No. 43-1 at 4). The Agency assigned Dispute Resolution Specialist ("DRS") Patricia Wiebush Perez, ("DRS Wiebush Perez") to Rivera's case. Id. ¶ 12. On March 15, 2018, DRS Wiebush Perez sent an email communication to Counsel Acevedo to inquire about whether Rivera was interested in participating in Resolve Employment Disputes Reach Equitable Solutions Swiftly ("REDRESS"), an alternate resolution program the Agency offers to employees in the EEO pre-complaint stage. (Docket No. 43 at 2).

On May 11, 2018, after DRS Wiebush Perez tried to follow up with Counsel Acevedo to obtain a response, Rivera personally informed her that he wanted to move forward with the formal administrative EEO complaint. (Docket Nos. 43 at 2-3). In her response on the same day, DRS Wiebush Perez informed Rivera that the relevant documents would be sent to Counsel Acevedo. Id. DRS Wiebush Perez also informed Rivera that she had gotten permission from Counsel Acevedo to contact him personally, as "the attorney informed her of not being able to contact [Rivera]." (Docket Nos. 1 ¶ 19; 47-1).

On May 14, 2018, DRS Wiebush Perez informed Rivera that she would send the original complaint to Counsel Acevedo and a copy to him. (Docket No. 47 at 4). The document was sent to

---

[1] Pre-complaint No. 014571-2018, Agency Case No. 4B-006-0020-18. (Docket No. 43-1 at 2-4).
[2] PS Docket No. DCA 16-60. (Docket No. 43-1 at 2).

**Civil No. 18-2028 (GAG)**

Counsel Acevedo on May 15, 2018, where it was received and signed on May 18, 2018, by "A. Acebedo [sic]." (Docket Nos. 43 at 3; 43-2 at 2).

On August 15, 2018, after allegedly receiving neither a written decision nor notice regarding his complaint, Rivera contacted DRS Wiebush Perez to ask when he would receive the aforementioned document from the Agency. (Docket No. 47 at 4). The next day, DRS Wiebush Perez responded to Rivera, informing him that the document had been sent to his counsel on May 15, 2018, but she did "not see it showing as received." (Docket No. 47-3). DRS Wiebush Perez further informed Rivera that she would re-send the document, proclaimed that the time frame for the pre-complaint was based on the date the document was signed, and told Mr. Rivera: "[Y]ou will not be dismissed for[] timeliness based on not receiving the initial paperwork." (Docket Nos. 47 at 5; 47-2 at 2). Rivera requested DRS Wiebush Perez to send the document by email to new counsel that assumed his legal representation at the time. (Docket No. 47-2 at 1) DRS Wiebush Perez informed Rivera that such document could not be sent via email, but that she would provide Rivera with a tracking number to monitor the documents' delivery progress sent to the address on record. Id. On August 25, 2018, Rivera emailed DRS Wiebush Perez to inquire about the status of the document and its corresponding tracking number, alleging that he still had not received either of them. (Docket No. 47-3).

On September 20, 2018, alleging he had not received any documentation, Rivera filed a formal administrative EEO complaint[3] alleging "discrimination based on retaliation" when (1) "[o]n January 18, 2018, he was issued a Letter of Warning in lieu of 14 Day Suspension" and (2) "on unspecified date(s), his request to have [Agency's] management comply with his complement in function 2 (Carriers) and function 4 (Clerks) was not addressed." (Dockets No. 43 at 3; 47 at 6). On

---

[3] Agency EEO Case No. 4B-006-0020-18. (Docket No. 43 at 3).

October 12, 2018, Rivera received a notice of dismissal from his formal EEO complaint, referencing its untimely filing in accordance with 29 C.F.R. § 1614.107(a)(2). (Docket No. 1 at 2, ¶ 6).

On December 29, 2018, Plaintiff filed the above-captioned complaint alleging the Agency "failed to give proper notice of its [sic] decision of May 15, 2018," and thus failed "to comply with the due process." (Docket No. 1 at 5, ¶ 25). He argues that the Agency violated his due process rights by failing to provide a rationale for dismissing his pre-complaint with prejudice for timeliness, because DRS Wiebush Perez told him that he would not be dismissed "for the [sic] timeliness based on not receiving the initial paperwork." Id. at 6, ¶¶ 26-29.  Rivera attempts to bolster his argument by explaining that the Agency knew that he was "acting on his [own] behalf." Id.

## II.     Motion to Dismiss: 12(b)(1)

### a.   Standard of Review

As courts of limited jurisdiction, federal courts must resolve questions related to their subject-matter jurisdiction before addressing the merits of a case. Destek Grp. V. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003). The party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). "[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding on the merits." Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). "The requirement that jurisdiction be established as a threshold matter is inflexible and without exception; for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." Marathon Oil Co., 526 U.S. at 577 (citing Steel Co. v. Citizens for Better Environment, 523 U.S. 83, 94-95 (1998)). If it appears the Court at any time lacks the statutory or constitutional power to adjudicate the case, it must dismiss the action, even in the absence of a challenge from any party. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Nowak v. Ironworkers Local 6 Pension Fund,

81 F.3d 1182, 1187 (2d Cir. 1996); see also FDIC v. Cabán-Muñiz, 216 F. Supp. 3d 255, 257 (D.P.R. 2016).

When considering a Rule 12(b)(1) motion to dismiss, the Court may consider all pleadings submitted by the parties. Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). The Court "is not restricted to the face of the pleadings but may consider extra-pleading materials, such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction." Fernández Molinary v. Industrias la Famosa, Inc., 203 F. Supp. 2d 111, 114-15 (D.P.R. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 (1947)).

The Court has expressed that the "[p]ertinent inquiry is whether the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the Court is proper." Marrero v. Costco Wholesale Corp., 52 F. Supp. 3d 437, 439 (D.P.R. 2014). As previously stated, in reviewing this motion, the Court must construe the complaint liberally and treat all well-pleaded facts as true, "according the plaintiff the benefit of all reasonable inferences." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). Dismissal is be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable. Sumitomo Real Estate Sales (N.Y.), Inc. v. Quantum Dev. Corp., 434 F. Supp. 2d 93, 95 (D.P.R. 2006). The Court has discretion as to the manner in which preliminary questions of jurisdiction are to be resolved. Torres Vázquez v. Com. Union Ins. Co., 417 F. Supp. 2d 227, 233, n. 3 (D.P.R. 2006).

A Rule 12(b)(1) challenge comes in two forms: (1) defendants can challenge the pleader's compliance with FED. R. CIV. P. 8(a)(1), or (2) defendants can challenge the Court's actual subject matter jurisdiction, regardless of the formal sufficiency of the pleadings. Torres Vázquez, 417 F. Supp. 2d at 236. A pleading alleges that subject matter jurisdiction is defective under FED. R. CIV. P. 8(a)(1) "when allegations in the complaint are insufficient to show that the federal court has

jurisdiction over the subject matter of the case." Torres Vázquez, 417 F. Supp. 2d at 236-37, n. 7. Thus, the complaint is defective and must be dismissed despite the existence of actual subject matter jurisdiction, unless the deficiency is cured. Torres Vázquez, 417 F. Supp. 2d at 236, n. 7.

        b. Legal Analysis and Discussion

In the above-captioned complaint, Rivera argues that his due process rights were violated when his administrative complaint was dismissed as untimely because he never received the necessary documentation from the Agency to file the formal administrative complaint. Rivera states that "[t]his Court has jurisdiction to entertain the action pursuant 28 U.S.C. 133,[4] 1343(4),[5] and 29 C.F.R. § 1614." (Docket Nos. 1 at 1-2; 1-2). 29 C.F.R. § 1614.103 lists the complaints of discrimination covered by this title as follows:

> (a) Individual and class *complaints of employment discrimination and retaliation prohibited by title VII* (discrimination on the basis of race, color, religion, sex and national origin), *the ADEA* (discrimination on the basis of age when the aggrieved individual is at least 40 years of age), *the Rehabilitation Act* (discrimination on the basis of disability), *the Equal Pay Act* (sex-based wage discrimination), *or GINA* (discrimination on the basis of genetic information) shall be processed in accordance with this part. Complaints alleging retaliation prohibited by these statutes are considered to be complaints of discrimination for purposes of this part.
> (b) *This part applies to* . . . (3) *The United States Postal Service*, Postal Rate Commission and Tennessee Valley Authority;

Id. (emphasis added).

Rivera does not indicate under which aforementioned law he brings his claim. Rivera's claim of disparate treatment fails to state a proper cause of action because he does not base his discrimination claim off of race, color, religion, sex, national origin, age, disability, or genetic information as required to present a prima facie Title VII, ADEA, Rehabilitation Act, Equal Pay

---

[4] This statute refers to the appointment and number of district judges. (Docket No. 1 at 1, ¶ 2)
[5] This statute states that "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) [t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote." (Docket No. 1 at 2, ¶ 2)

Act, or GINA claim. Moreover, Rivera does not claim retaliation under Title VII, ADEA, Rehabilitation Act, Equal Pay Act, or GINA.

As a result, Rivera has not sufficiently demonstrated that the Court has original jurisdiction to attend to his complaint because Rivera does not invoke any of the causes of action that apply to 29 C.F.R. § 1614. As such, the Court **GRANTS** Defendant's motion to dismiss at Docket No. 43 under FED. R. CIV. P. 12(b)(1) because the allegations in Plaintiff's complaint are insufficient to show that the Court has jurisdiction as required by FED. R. CIV. P. 8(a)(1).

### III. Motion to Dismiss: 12(b)(6)

#### a. Standard of Review

When confronted with a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court utilizes the two-step process set by the Supreme Court using the context-based plausibility standard. Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (discussing Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). First, the Court must "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz, 669 F.3d at 55. It is not necessary for a complaint to offer detailed factual allegations, but "[t]headbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In the second step, the Court is moved to "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." Schatz, 669 F.3d at 55; see also Beddall, 137 F.3d at 16.

At the motion to dismiss stage, "the Court may consider: [1] 'implications from documents' attached to or fairly incorporated into the complaint,' [2] 'facts' susceptible to 'judicial notice,' and [3] 'concessions' in plaintiff's response to the motion to dismiss.'" Nieto-Vicenty v. Valledor, 984 F. Supp. 2d 17, 20 (D.P.R. 2013) (quoting Schatz, 669 F.3d at 55-56). It is up to the Court's discretion to choose if it considers materials outside the pleadings, in which case a motion to dismiss should be converted into a motion of summary judgement. Rivera v. Marriott Int'l, Inc., 456 F. Supp. 3d 330, 335 (D.P.R. 2020). Yet, it is under certain "narrow exceptions" that "some extrinsic documents may be considered without converting a motion to dismiss into a motion for summary judgement." Freeman v. Town of Hudson, 714 F.3d 29, 36 (1st Cir. 2013); Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). These exceptions include "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiff's claim; [and] . . . documents sufficiently referred to in the complaint." Freeman, 714 F.3d at 36 (quoting Watterson, 987 F.2d at 3).

    b. <u>Legal Analysis and Discussion</u>

To prove a prima facie case of retaliation under Title VII, Plaintiff must allege that: (1) he/she engaged in protected conduct; (2) he/she suffered an adverse employment action; and (3) the adverse action was causally connected to the protected activity. Cintrón-Ortiz v. P.R. Elec. Power Auth., Civ. No. 08-1564 (GAG), 2010 WL 2650348 at *10 (D.P.R. 2010) (citing Fantini v. Salem State College, 557 F. 3d 22, 32 (1st Cir. 2009)); see also Rodríguez-Candelario v. MVM Sec. Inc., 238 F. Supp. 3d 240, 254-55 (D.P.R. 2017). An employee has engaged in activity protected by Title VII if he or she has either "(1) opposed any practice made an unlawful employment action by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under Title VII." Fantini, 557 F. 3d at 32. Causation in a retaliation case can be shown

through knowledge of the protected activity coupled with proximity in time to the adverse employment action. See Calero-Cerezo v. U.S. Dep't of Just., 355 F. 3d 6, 25 (1st Cir. 2004). The First Circuit has repeatedly acknowledged that a plaintiff's prima facie burden is not onerous and is easily satisfied. Rodríguez-Candelario, 238 F. Supp. 3d at 255.

Unlike in the private-sector, Title VII does not contain an express anti-retaliation provision applicable to the federal government as an employer. See 42 U.S.C. § 2000e-16(a). However, the United States Court of Appeals for the First Circuit has assumed that the anti-retaliation provision applicable to private employers operates to prohibit retaliation in the federal sector. See DeCaire v. Mukasey, 530 F.3d 1, 19 (1st Cir. 2008); see also Gomez-Perez v. Potter, 553 U.S. 474 (2008) (acknowledging but declining to decide "whether Title VII bans retaliation in federal employment"). Therefore, for Plaintiff to prove that he suffered an "adverse employment action" on account of a protected activity, he would need to show that "a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker for making or supporting a charge of discrimination." Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 68 (2006) (internal citations omitted). "This is an objective test and 'should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances." Lockridge v. Univ. of Me. Sys., 597 F.3d 464, 472 (1st Cir. 2010) (quoting Burlington Northern, 548 U.S. at 71).

Examples of adverse employment actions in the retaliation context "include 'termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices that might be unique in a particular situation.'" Morales-Vallellanes v. Potter, 605 F.3d 27, 36 (1st Cir. 2010) (quoting Lapka v. Chertoff, 517 F.3d 974, 986 (7th Cir. 2008)).

**Civil No. 18-2028 (GAG)**

In this case, the Court finds that Plaintiff failed to meet the requirements to prove he has a prima facie case of retaliation under Title VII. Plaintiff cannot present the warning letter issued to him as retaliation for his challenge to the Debt Collection Act case because "[a] warning in and of itself is not an adverse employment action." Pérez v. Oriental Bank & Trust, 291 F. Supp. 3d 215, 229 (D.P.R. 2018). Rivera fails to plead prima facie retaliation because he does not provide a legitimate adverse employment action. In addition, Plaintiff fails to demonstrate he has a claim of "disparate treatment" upon which relief can be granted because he fails to identify on what grounds he received the alleged disparate treatment—whether it was based off of his race, color, religion, sex, national origin, age, disability, or genetic information. Consequently, the Court **GRANTS** Defendant's motion to dismiss at Docket No. 43 under FED. R. CIV. P. 12(b)(6) because a warning letter by law does not satisfy the requirements of an adverse employment action and the claim of disparate treatment fails to state its basis upon which relief can be granted.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss at Docket No. 43 under FED. R. CIV. P. 12(b)(1) and (6).  Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico this 2nd day of August 2021.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge